IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOEL RODRIGUEZ,<br>(BOP Registration No. 42309-177),<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 3:16-CV-1740-K<br>(3:10-CR-223-K-(1)) |

## MEMORANDUM OPINION AND ORDER

Movant Joel Rodriguez, a federal prisoner, represented by counsel, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 1. He argues that his prior Texas convictions for aggravated assault and armed robbery are no longer "violent felonies" under the Armed Career Criminal Act ("the ACCA") after *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, as explained below, those crimes are violent felonies under the ACCA's force clause, not the residual clause that was struck down in *Johnson*. Because Rodriguez's prior convictions still support his sentence under the ACCA, the Court **DENIES** his motion as meritless.

**Background**

Rodriguez pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States v. Rodriguez*, 3:10-cr-223-K (01), Dkt. No. 27. Because he had three prior violent felony convictions—two for Texas aggravated

1

assault and one for Texas aggravated robbery—the Court sentenced him to 180 months in prison, the statutory minimum under the ACCA. *See* 18 U.S.C. § 924(e); *see also United States v. Rodriguez*, 3:10-cr-223-K (01), Dkt. No. 23 at 10 (Presentence Report); *United States v. Rodriguez*, 3:10-cr-223-K (01), Dkt. No. 28 (adopting the Presentence Report). He did not appeal.

In Rodriguez's Section 2255 motion, he argues that his sentence must be overturned in the wake of *Johnson* because his prior Texas convictions for aggravated assault and aggravated robbery are no longer "violent felonies" under the definition codified in 18 U.S.C. § 924(e)(2)(B). *See* Dkt. No. 1 at 7.

## Legal Standards

As the Supreme Court of the United States recounted in *Johnson*,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Curtis Johnson v. United States*, 559 U.S. 133, 136 (2010). The Act defines "violent felony" as follows:
>
>> "any crime punishable by imprisonment for a term exceeding one year . . . that –
>>
>> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).

2

> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S. Ct. at 2555-56 (citation modified).

In *Johnson*, the Supreme Court struck down the residual clause, holding "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563. But *Johnson* did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. at 2563. So, after *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, ___ F. App'x ___, ___, 2017 WL 4804355, at *1 (5th Cir. 2017) (per curiam) (quoting 18 U.S.C. § 924(e)(2)(B)).

To determine whether Rodriguez's prior crimes are violent felonies under the force clause, the Court is required "first to determine the elements" of those crimes as codified in the Texas Statutes. *See, e.g.*, *United States v. Lerma*, No. 16-41467, ___ F.3d ___, ___, 2017 WL 6379724, at * 2 (5th Cir. 2017). "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (internal quotation marks and citations omitted). "At a trial, [elements] are what the jury must find beyond a reasonable doubt to convict the defendant," and "[a]t a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* (citation omitted).

3

"An element of a crime must be distinguished from the means of satisfying a single element." *Lerma*, 2017 WL 6379724, at *2. In *Lerma*, the Fifth Circuit explained:

> For example, a statute may require the use of a 'deadly weapon' as an element of a crime. The statute may then further list as potential deadly weapons a knife, gun, bat, or similar weapon. That 'list merely specifies diverse means of satisfying a single element of a single crime.' [*Mathis*, 136 S. Ct.] at 2249. A jury need not find any particular weapon in the list was used in order to convict, so long as all of the jurors agreed that the defendant used a deadly weapon.

*Id.* at *2.

And "[c]riminal statutes are indivisible or divisible." *Id.* at *3. An indivisible statute sets out one set of elements to define one crime. *See id.* A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2249. If a statute is indivisible, the sentencing court must apply the "categorical approach." *Id.* at 2248. "This approach requires the sentencing court, when determining whether a crime qualifies as a violent felony under the force clause, to focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 2017 WL 6379724, at *3. Critically, the "sentencing court is not permitted to review the particular facts of the case." *Id.*

But, if the statute is divisible, the district court must use the "modified categorical approach" to determine the elements under which the defendant was convicted. *Mathis*, 136 S. Ct. at 2253. Under the modified categorical approach, the

district court looks "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249 (citations omitted). "The court can then determine, in deciding whether the crime satisfies the force clause, if one of those elements included the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 2017 WL 6379724, at *3.

**Analysis**

I. <u>Texas Aggravated Robbery</u>

Rodriguez was convicted of aggravated robbery in Texas in 1995. *See* Dkt. No. 1 at 32. In 1995, Texas Penal Code § 29.03 provided, in pertinent part:

> (a) A person commits an [aggravated robbery] if he commits robbery as defined in Section 29.02, and he:
>
> (1) causes serious bodily injury to another;
>
> (2) uses or exhibits a deadly weapon; or
>
> (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:
>
> (A) 65 years of age or older; or
>
> (B) A disabled person.

TEX. PENAL CODE § 29.03.

The Texas robbery statute—incorporated into the first paragraph of the aggravated robbery statute—provided as relevant:

5

(a) A person commits [robbery in Texas] if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:

    (1) Intentionally, knowingly, or recklessly causes bodily injury to another, or

    (2) Intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE § 29.02.

The Fifth Circuit has "conclude[d] that [this] Texas aggravated robbery statute is divisible." *Lerma*, 2017 WL 6379724, at *5. So, this Court must use the modified categorical approach to determine whether Rodriguez's aggravated robbery conviction satisfies Section 924(e)'s force clause. *See id.*

The modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record." *Johnson*, 559 U.S. at 144. The Court may refer to the "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusion of law from a bench trial, and jury instructions and verdict forms." *Id.* (citations omitted).

Here, the record contains Rodriguez's indictment and judicial confession in support of his guilty plea, which show that he:

> Unlawfully then and there while in the course of committing theft and with intent to obtain and maintain control of the property of [the victim], the said property being a bracelet; a ring; a necklace[;] and cassette tapes, without the effective consent of the [victim] and with intent to deprive [the victim] of said property, did then and there knowingly and intentionally threaten and place the [victim] in fear of

6

>imminent bodily injury and death, and [Rodriguez] did then and there use and exhibit a deadly weapon, to-wit: a firearm.

*See* Dkt. No. 1 at 31-32. Because Rodriguez's aggravated robbery conviction involved his commission of a robbery and his using and exhibiting a deadly weapon, his conviction was based on Section 29.03(a)(2) of the Texas aggravated robbery statute.

The Fifth Circuit has held that a "conviction[] for aggravated robbery under Texas Penal Code § 29.03(a)(2)" is a violent felony "under the force clause of the ACCA." *Lerma*, 2017 WL 6379724, at *7; *see also id.* ("There can be no question that a crime under Texas Penal Code § 29.03(a)(2), that is, threatening someone with imminent bodily injury or death, or placing someone in fear of such, while using or exhibiting a deadly weapon in the course of committing theft with intent to obtain or maintain control of the property, has as an element the threatened use of physical force against another."). Accordingly, Rodriguez's aggravated robbery conviction still qualifies as a violent felony after *Johnson*.

**Texas Aggravated Assault**

Rodriguez also claims that his two Texas convictions for aggravated assault no longer support his conviction under the ACCA. But the Fifth Circuit has held that Texas aggravated assault is categorically a violent felony because it has as an element the use, attempted use, or threatened use of physical force against the person of another. *Moore*, 2017 WL 4804355, at *2-*3; *see also United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017) (holding that a "Texas conviction for aggravated assault is a

7

crime of violence" because it "has as element the threatened use of physical force against the person of another.").

Rodriguez was convicted of aggravated assault in 1994 and again in 2007. The Texas statutes that governed those crimes in 1994 and 2007 are materially indistinguishable. *Compare* TEX. PENAL CODE §§ 22.01, 22.02(a) (1994), *with* TEX. PENAL CODE §§ 22.01, 22.02(a) (2005). Under both statutes, a conviction for aggravated assault required that a person commit "assault as defined in [Texas Penal Code Section] 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02(a). Section 22.01, in turn, stated that a person committed an assault by

> (1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threaten[ing] another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01.

Taking Texas aggravated assault "as a single offense"—without "separat[ing] the assault offense from the conduct which makes the assault aggravated"—the least culpable conduct requires only the use or display of a deadly weapon during an assault,

8

"whether by injury, threat, or contact, as opposed to actually causing serious bodily injury in one of those ways." *Moore*, 2017 WL 4804355, at *3; *accord Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (holding that a conviction for Texas aggravated assault necessarily "involves the use of a deadly weapon," which is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.") (internal quotation marks and citations omitted). Because a deadly weapon is an instrument of physical force that is necessarily capable of causing physical pain or injury to another, the use or display of a deadly weapon during an assault is a violent crime. *See United States v. Ovalle-Chun*, 815 F.3d 222, 227 (5th Cir. 2016) (holding that "a person who intends to, and does, place another in fear of imminent physical injury by displaying what appears to be a deadly weapon has communicated an intent to inflict physical harm and, thus, threatened the use of force."). As explained in *Moore*,

> Texas case law, read in conjunction with the Supreme Court's instruction on physical force, supports the conclusion that § 22.02 constitutes a violent felony. The Supreme Court has explained that, "in the context of a statutory definition of 'violent felony,' the phrase "physical force" means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (italics in original). The Texas Court of Criminal Appeals has noted of the Texas aggravated assault statute that both subsections necessarily "involve[ ] the use of a deadly weapon . . . which is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (internal quotation marks and citation omitted). Likewise, [the Fifth Circuit] noted that, "a deadly weapon, in that it is capable of producing death, is an instrument of physical force." *United*

*States v. Velasco*, 465 F.3d 633, 641 (5th Cir. 2006) (U.S.S.G. § 2L1.2(b)(1)(A) case).

*Moore*, 2017 WL 4804355, at *3.

For these reasons, Rodriguez's prior convictions for Texas aggravated assault are violent felonies under the use of force clause. *See, e.g.*, *Marshall v. United States*, No. 3:16-cv-1916-K, 2017 WL 6033894, at *2 (N.D. Tex. Dec. 5, 2017). Because Rodriguez has three prior crimes that are violent felonies under Section 924(e), he is not entitled to Section 2255 relief.

## Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED WITH PREJUDICE** as meritless.

**SO ORDERED.**

Signed January 2nd, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE